169 F.3d 165
 James C. GREIG, Plaintiff-Appellant,
v.
G. GOORD, Commissioner of New York State Department of
Corrections, P. Coombe, former Commissioner of Corrections,
Sally B. Johnson, Superintendent, Orleans C.F., Captain
Monahan, Orleans C.F., Sergeant Eichelberger, Orleans, C.F.,
Sergeant Conway, Orleans C.F., T. Curtis, Last Known
Position, Assistant Superintendent, Buffalo Correctional
Facility, Officer Milbrand, Last Known Address, Buffalo
C.F., Defendants-Appellees.
 Docket No. 97-9340
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 17, 1998.
Decided March 2, 1999.
 
 James C. Greig, Niagara Falls, NY, Pro Se.
 Martin A. Hotvet, Assistant Attorney General, State of New York, Albany, N.Y. (Eliot L. Spitzer, Attorney General; Peter H. Schiff, Deputy Solicitor General; Nancy A. Spiegel, Assistant Attorney General, on the brief), for Defendants-Appellees.
 Before: CABRANES and POOLER, Circuit Judges, and TRAGER,* District Judge.
 PER CURIAM:
 
 
 1
 James C. Greig appeals pro se from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, Judge ), dismissing his complaint for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Greig argues on appeal, inter alia, that § 1997e(a) applies only to suits brought "by a prisoner confined in any jail, prison, or other correctional facility," and that because he had already been released from custody by the time he filed his complaint, he was not required to comply with the exhaustion requirements of the section. We agree, and accordingly vacate the judgment of the District Court, and remand for further proceedings.
 
 I.
 
 2
 When Congress enacted the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) (the "PLRA"), it amended a variety of statutory provisions governing federal court litigation initiated by prisoners. Among the affected provisions was 42 U.S.C. § 1997e(a), which, in its amended form, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Another provision, in turn, defines "prisoner" to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Id. § 1997e(h).
 
 
 3
 Greig commenced the instant action under 42 U.S.C. § 1983 against several New York State prison officials, asserting that these defendants had violated his constitutional rights at various points during his incarceration. Greig's complaint indicated, however, that he had been paroled and was thus no longer incarcerated.
 
 
 4
 By order dated August 13, 1997, the District Court (Michael A. Telesca, Judge ) held that plaintiff was bound by the administrative exhaustion requirements of § 1997e(a), and it ordered plaintiff to "file a response which details his efforts to exhaust the administrative remedies" no later than September 16, 1997. Although the Court correctly noted that Greig was a "person formerly incarcerated," (emphasis added) it did not explain how such a person could be treated as a "prisoner" for purposes of § 1997e(a).
 
 
 5
 September 16, 1997 passed without any response from Greig. Thereafter, by order dated September 30, 1997, the District Court (Richard J. Arcara, Judge ) dismissed the complaint on the ground that Greig had failed to demonstrate exhaustion as required by § 1997e(a) and Judge Telesca's August 13, 1997 order. Judge Arcara's order referred to Greig's status as a person "formerly incarcerated in a correctional facility," (emphasis added) but once again applied § 1997e(a) without explicit consideration of whether Greig, in fact, met the statute's definition of a "prisoner."[1]
 
 
 6
 After the entry of judgment, Greig brought this timely appeal.
 
 II.
 
 7
 On appeal, Greig argues, inter alia, that the District Court erred in classifying him as a "prisoner" and requiring him to exhaust administrative remedies. Appellees acknowledge that Greig was a parolee at the time he filed his complaint and that the language of § 1997e(a)--as well as that of § 1997e(h)--does not literally apply to him.[2] Section 1997e(a) purports to limit actions brought by "a prisoner confined " in specified correctional facilities, and § 1997e(h) further defines the word "prisoner" to mean a person "incarcerated or detained" in a facility. Appellees do not contend that Greig was "confined," "incarcerated," or "detained" at the time he filed this action.
 
 
 8
 Appellees argue, instead, that strict, literal adherence to the language of § 1997e would give preferential treatment to former prisoners over current prisoners (because current prisoners would have to exhaust administrative remedies, whereas former prisoners who failed to utilize administrative procedures when they were incarcerated would nonetheless be free to sue after their release), and thereby inject a distinction not contemplated by Congress. We disagree. When introducing the PLRA, Senators Dole and Kyl justified treating prisoners differently from other litigants by stating that prisoners file frivolous lawsuits because filing lawsuits "has become a recreational activity for long-term residents of our prisons," because prisoners "have little to lose and everything to gain," and because filing frivolous complaints is "a means of gaining a short sabbatical in the nearest Federal courthouse." 141 Cong. Rec. S7524-26 (daily ed. May 25, 1995) (statements by Senators Dole and Kyl) (citations and internal quotation marks omitted). These justifications simply do not apply to individuals who were formerly incarcerated. Cf. Doe v. Washington County, 150 F.3d 920, 924 (8th Cir.1998) ("Congress ... fully intended to distinguish between those who are 'prisoners' when they decide whether to file a complaint and those who are not."); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir.1998) ("[T]he term 'prisoner' ... [as used in the various provisions of the PLRA] does not comprehend a felon who has been released.").[3]
 
 
 9
 Here, we hold that litigants--like Greig--who file prison condition actions after release from confinement are no longer "prisoners" for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision.
 
 III.
 
 10
 For the reasons set forth above, the judgment of the District Court is hereby vacated and the matter remanded for further proceedings.
 
 
 
 *
 The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation
 
 
 [1]
 As a further consequence of Greig's purported failure to exhaust administrative remedies, the District Court directed the Clerk of Court to docket the dismissal as one of three "strikes" for purposes of 28 U.S.C. § 1915(g). Section 1915(g) provides as follows:
 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statute] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
 Because we conclude that the underlying dismissal was erroneous, we do not consider whether a "strike" would otherwise have been warranted.
 
 
 [2]
 Initially, appellees declined to file a brief on appeal, explaining that because they were not served with the complaint, they would not defend the appeal. However, appellees ultimately responded to the second of two orders of this Court directing briefing in this case
 
 
 [3]
 The Eighth Circuit in Doe interpreted the definition of "prisoner" as it applied to the subsection of § 1997e dealing with attorneys' fees, see 150 F.3d at 924, while the Seventh Circuit in Kerr interpreted the term as it applied to another subsection limiting recovery for mental or emotional injuries, see 138 F.3d at 322. We are faced only with the task of interpreting the word as it is used in the subsection addressing the exhaustion of administrative remedies, and we intimate no view on the applicability of our holding to other provisions of § 1997e or of the PLRA generally