**Larry BURTON a/k/a Sean Jackson, Plaintiff,**

v.

**CITY of PHILADELPHIA, et al., Defendants.**

No. CIV. A. 00–CV–650.

United States District Court, E.D. Pennsylvania.

Oct. 25, 2000.

---

Marc E. Batt, Batt, Halpern & Weinrub, Philadelphia, PA, for plaintiff.

Carlton L. Johnson, City of Philadelphia Law Dept., Philadelphia, PA, Charles T. Roessing, Lynne W. Coughlin, Paoli, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

This is a civil rights case brought by Plaintiff Larry Burton, a/k/a Sean Jackson, ("Plaintiff") against the City of Philadelphia; the Philadelphia Department of Human Services ("DHS"); Joan Reeves, Commissioner of DHS ("Reeves"); the Youth Study Center ("YSC"); Clarence Holmes, Director of YSC ("Holmes") (collectively, "Moving Defendants"); and several other Defendants not party to the present motion. In his Complaint, Plaintiff alleges that Defendants violated his federally protected civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. In addition, Plaintiff alleges that Defendants committed several common law torts, including assault and battery, negligence, gross negligence, invasion of privacy, and intentional infliction of emotional distress. Finally, Plaintiff requests punitive damages.

Presently before the Court is the Moving Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons below, we will grant the Moving Defendants' Motion in part and deny it in part.

## BACKGROUND

All of the claims in this action arise from the medical treatment, or lack thereof, that Plaintiff received while he was incarcerated at YSC beginning in February 1997. Plaintiff alleges that at the time of his incarceration he had, or developed shortly after, a number of severe physical symptoms stemming from a toothache. Plaintiff further alleges that these symptoms worsened to the point where he developed an abscess in his cheek that eventually burst, leaving a disfiguring facial scar. Although Plaintiff concedes that he did receive some medical treatment for his symptoms after the abscess had burst, he maintains that such treatment was insufficient and/or untimely. Based on Defendants' failure to provide adequate medical treatment, Plaintiff filed this action in the Court of Common Pleas for Philadelphia County on December 22, 1999. Defendants thereafter removed the case to this Court.

## DISCUSSION

I. *Legal Standard*

In considering a motion to dismiss, a court must accept as true all facts alleged in a complaint and view them in the light most favorable to the plaintiff. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. *See id.* Notwithstanding this standard, a court "need not credit a complaint's bald assertions or legal conclusions." *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d

Cir.1997) (internal quotations omitted). Further, a complaint may be dismissed pursuant to Rule 12(b)(6) where a defendant argues that he is entitled to immunity, even though immunity is generally characterized as an affirmative defense. *Moser v. Bascelli*, 865 F.Supp. 249, 252 (E.D.Pa.1994), *aff'd*, 70 F.3d 1256 (3d Cir. 1995). We apply the above principles to Plaintiff's claims against each Defendant in turn.

## II. *Claims Against DHS and YSC*

To begin, we will grant the Moving Defendants' Motion with respect to all claims brought against DHS and YSC. Neither DHS or YSC has an independent corporate existence from the City of Philadelphia; therefore, all claims against them must be brought in the name of the City. *See* 53 P.S. § 16257; *Regalbuto v. City of Philadelphia*, 937 F.Supp. 374, 377 (E.D.Pa.1995) (dismissing claims against Philadelphia police and fire departments); *Duvall v. Borough of Oxford*, Civ.A. No. 90–0629, 1992 WL 59163, at *2 (E.D.Pa. Mar.19, 1992) (dismissing claim against county prison).

## III. *State Law Claims*

■ As noted above, Plaintiff alleges a number of common law claims against the City of Philadelphia, Reeves, and Holmes. The Moving Defendants argue that the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, ("the Tort Claims Act") provides them with immunity to these types of claims. We agree.

The Tort Claims Act makes local governments and their employees immune to suit, except as provided for in eight narrow statutory exceptions. *See* §§ 8541–8545. None of Plaintiff's several claims against the Moving Defendants is conceivably within the Tort Claims Act's exceptions. *See* § 8542(b) (listing exceptions). As a

result, we will grant the Moving Defendants, Motion with respect to these claims.[1]

## IV. *Federal Law Claims*

Plaintiff also alleges that the Moving Defendants have violated his federally protected civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. Although it is not explicitly stated as such, we understand Plaintiff to be making his claims against (1) the City of Philadelphia, (2) Reeves and Holmes in their official capacities, and (3) Reeves and Holmes in their individual capacities.

■ First, viewing the allegations in the light most favorable to Plaintiff, it appears that Plaintiff has stated at least the minimum necessary to make out a § 1983 claim against the City of Philadelphia. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Consequently, we will deny the Moving Defendants' Motion with respect to § 1983 claims against the City of Philadelphia.

■ Second, it also appears that the same allegations suffice to state a § 1983 against Reeves and Holmes in their official capacities. However, because claims against individual defendants in their official capacities are equivalent to claims against the governmental entity itself, they are redundant and may be dismissed. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("Suits against state officials in their official capacity ... should be treated as suits against the State."); *Kentucky v. Graham*, 473 U.S. 159, 169 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, lo-

---

1. It is clear on the face of Plaintiff's Complaint that the only actions Reeves and Holmes took relevant to this case were in their official capacities. To the extent that Plaintiff has attempted to make any common law claim against Reeves and Holmes in their individual capacities, such claims will be dismissed. *See* Fed.R.Civ.P. 12(b)(6).

cal government units can be sued directly for damages"); *Satterfield v. Borough of Schuylkill Haven*, 12 F.Supp.2d 423, 432 (E.D.Pa.1998) (dismissing official-capacity claims as redundant); *Scott C. v. Bethlehem Area Sch. Dist.*, Civ. A. No. 00–CV–642, 2000 WL 1201345, at *3 (E.D.Pa. Aug.9, 2000) (same). As a result, we will grant the Moving Defendants' Motion with respect to the official-capacity § 1983 claims against Reeves and Holmes.

▆▆▆ Finally, in regard to the individual-capacity claims, Plaintiff has not adequately alleged that any of Reeves or Holmes's actions were beyond the reasonable scope of their official capacities. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rouse v. Plantier*, 182 F.3d 192, 196 (3d Cir.1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). It is clear from Plaintiff's Complaint that all actions taken by Reeves or Holmes vis-à-vis Plaintiff were within the reasonable scope of their discretion and authority as City officials.

As such, they are immune from liability as individuals. *See Hafer*, 502 U.S. at 25–26, 112 S.Ct. 358 (noting that officials sued in personal capacity may assert personal immunity defenses); *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. Accordingly, we will grant the Moving Defendants' Motion with respect to personal-capacity § 1983 claims against Reeves and Holmes.[2]

### V. *Punitive Damages*

Finally, Plaintiff requests punitive damages against the Moving Defendants. Because we have dismissed both the state and federal claims against all Moving Defendants as individuals, the only claims remaining are those against the City of Philadelphia. The law is clear that punitive damages are not available against a municipality under § 1983. *See* 42 U.S.C. § 1981a(a)(2), (b)(1); *City of Newport v. Fact Concerts*, 453 U.S. 247, 267–71, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Accordingly, we will grant the Moving Defendants' Motion with respect to punitive damages.

### CONCLUSION

For the foregoing reasons, we will grant the Moving Defendants' Motion in part

2. We note that the Moving Defendants initially argue that Plaintiff has not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). The pertinent section of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The term "prisoner" is defined by the PLRA to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

It appears from the Complaint and the parties' briefings that Plaintiff was released from YSC prior to bringing this action. Thus, the question arises whether Plaintiff is still considered a "prisoner" under § 1997e(h) and therefore required to exhaust his administrative remedies before pursuing this action. Although the Third Circuit has not yet addressed this narrow issue, at least two other circuits have. *See Page v. Torrey*, 201 F.3d 1136 (9th Cir.2000); *Greig v. Goord*, 169 F.3d 165 (2d Cir.1999). In those cases, the Ninth and Second Circuits both held that, based on a literal reading of, and the policies behind, the PLRA, litigants who file prison condition actions after release from confinement are *not* "prisoners" within the meaning of § 1997e(a) and, therefore, do not need to fulfill the Act's exhaustion requirements. *Page*, 201 F.3d at 1139–40; *Greig*, 169 F.3d at 167. We are inclined to agree with the Ninth and Second Circuits' common-sense reading of this provision. Accordingly, we hold that, because Plaintiff was not incarcerated at the time he filed this action, he is not subject to the exhaustion requirements under the PLRA.

and deny it in part. An appropriate order follows.

### ORDER

AND NOW, this 25th day of october, 2000, upon consideration of Defendants. City of Philadelphia, the Philadelphia Department of Human Services, Joan Reeves, the Youth Study Center, and Clarence Holmes's Motion to Dismiss, and the responses thereto, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part. IT IS FURTHER ORDERED THAT:

1. Defendant's Motion is GRANTED with respect to all claims against the Philadelphia Department of Human Services, the Youth Study Center, Joan Reeves, and Clarence Holmes;

2. Defendants' Motion is GRANTED with respect to all state claims against the City of Philadelphia and DENIED with respect to all federal claims against the City of Philadelphia; and

3. Defendants' motion if GRANTED with respect to punitive damages.