**Monestina GARCIA, et al., Plaintiff,**

v.

**ROYAL BANK OF CANADA,
Defendant.**

No. 96–1548 (JAG).

United States District Court,
D. Puerto Rico.

Dec. 17, 2001.

Gabriel I. Penagaricano–Soler, San Juan, PR, for Plaintiff.

Jo–Ann Estades–Boyer, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

The Court has before it defendant Ricardo Noriega's ("Noriega") motion to dismiss under Fed.R.Civ.P. 12(b)(1) and (6).[1] (Docket No. 59). Noriega contends that plaintiffs Nelia Ureña, Sabina Garcia and Simeona Henriquez Garcia lack standing to bring an action pursuant to 42 U.S.C. § 1983, and that he is entitled to qualified immunity with respect to plaintiff Jose Monestina Garcia's ("Monestina Garcia") false arrest claim. Upon reviewing the record, the Court holds that only Monestina Garcia has standing to bring a § 1983 claim, and that Noriega is not entitled to qualified immunity on the false arrest claim. Since Monestina Garcia's § 1983 claim survives, the Court will also retain supplemental jurisdiction over plaintiffs' state law claim.

## DISCUSSION

The Court will not restate the factual background of this case, which has been amply covered in previous Opinions and Orders. *See* Docket Nos. 47, 49. The

---

1. In two previous Opinion and Orders dated March 16, 1999 and April 27, 1999, as well as in a Partial Judgment dated August 24, 1997, the Court (Perez–Gimenez, D.J.) dismissed all claims against defendants Royal Bank of Canada, Ralph Culkin and the United States of America. (Docket Nos. 43, 47, 49.) In its April 27, 1999 Opinion and Order, the Court granted Noriega's summary judgment motion with respect to plaintiffs' malicious prosecution claim, but denied it with respect to their false arrest claim. (Docket No. 49 at 5–10.)

only issues left for discussion are: (1) whether the plaintiffs (other than Monestina Garcia) have standing to bring a § 1983 claim, and (2) whether Noriega is entitled to qualified immunity.

## A. Standing

■ Noriega contends that the plaintiffs[2] are not entitled to relief under § 1983 because any claims brought under that section are personal actions, and may not be brought by anyone other than the aggrieved party. *See, e.g., Brown v. Ives*, 129 F.3d 209, 211 (1st Cir.1997). Noriega is correct: absent an exception not applicable here, family members cannot rest a § 1983 claim on the violation of a relative's civil rights. *See, e.g., Valdivieso Ortiz v. Burgos*, 807 F.2d 6, 7 (1st Cir.1986).

■ In their opposition, plaintiffs concede that they may not maintain a § 1983 claim based on alleged violations of Monestina Garcia's civil rights. *See* Docket 61 at 10. Accordingly, the Court will dismiss their § 1983 claim. Nevertheless, plaintiffs contend that they have stated a claim under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, § 5141 (1991) for the "untold grief, humiliation, physical, mental and moral distress" they suffered as a result of the alleged violations to Monestina Garcia's civil rights. *Id.* at 11. The Court agrees that plaintiffs have alleged a colorable Article 1802 claim, and, since Monestina Garcia's § 1983 claim survives, it will retain jurisdiction over this state-law claim. *See Rodriguez v. Comas*, 888 F.2d 899, 905 (1 st Cir.1989); *Rodriguez–Rios v. Cordero*, 138 F.3d 22, 26 (1st Cir.1998).

## B. Qualified Immunity

Noriega contends that he is entitled to qualified immunity. He contends that it

was objectively reasonable for him to believe that his actions would not violate Monestina Garcia's rights because they were "at all times ... supported by documents that shows [sic] that the checks ... were falsified." (Docket No. 59 at 9.) Noriega further contends that he was acting "according to the information and evidence given by the Royal Bank employees and a United States Secret Service Agent." (*Id.*) He concludes that he could not have foreseen that his actions would violate Noriega's federally protected rights. (*Id.* at 10.)

■ Qualified immunity shields government officials performing discretionary functions from civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right which should have been known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Qualified immunity seeks to ensure that defendants 'reasonably can anticipate when their conduct may give rise to liability' by attaching liability only if '[t]he contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *United States v. Lanier*, 520 U.S. 259, 270, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). The Supreme Court has emphasized that a § 1983 plaintiff must allege a violation of a clearly established right secured by the Constitution or some other federal law. *Camilo–Robles v. Hoyos*, 151 F.3d 1, 6 (1st Cir.1998).

■ If no violation of a clearly established constitutional right is found, then the analysis halts because "there is qualified immunity." *Aponte Matos v. Toledo Davila*, 135 F.3d 182, 187 (1st Cir.1998).

---

**2.** In this section, the Court's will refer to plaintiffs Nelia Ureña, Sabina Garcia and Si-

meona Henriquez Garcia collectively as "plaintiffs."

"The first inquiry is whether the constitutional right asserted by plaintiffs was clearly established at the time of the alleged violation. The second, if the right was clearly established, is whether a reasonable officer in the same situation would have understood that the challenged conduct violated that established right." *Id.* at 186. A state actor claiming qualified immunity must do so either under a theory that the asserted constitutional right was not clearly established or under the theory that his conduct satisfies the test of objective legal reasonableness. *Camilo–Robles,* 151 F.3d at 5–6.

The qualified immunity standard is an objective one. *See Crawford–El v. Britton,* 523 U.S. 574, 590, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The granting of summary judgment based on objective reasonableness grounds of the qualified immunity defense is not appropriate where there is a factual issue as to an essential element of plaintiff's claim that bears on the determination of the objective reasonableness of the defendants' actions. *See Swain v. Spinney,* 117 F.3d 1, 10 (1st Cir.1997).

It is beyond peradventure that Noriega's constitutional right to be free from an arrest made without probable cause had been clearly established at the time of his arrest.[3] *See, e.g., Santiago v. Fenton,* 891 F.2d 373, 383 (1st Cir.1989). Hence, we proceed directly to the second part of the qualified immunity test. As the Court turns to the facts to objectively determine the reasonableness of Noriega's conduct, it finds that Noriega has not provided the Court with any evidence or documents to support his contention that he acted in an objectively reasonable fashion when he ar-

rested Monestina Garcia. Such an omission would be troublesome standing alone, but it is even more perplexing in light of this Court's admonition that it required that information in order to evaluate Noriega's claim.

In its April 27, 1999 Opinion and Order, the Court analyzed Noriega's summary judgment motion regarding Monestina Garcia's false arrest claim. The Court noted that the relevant criminal statute, 33 L.P.R.A. § 4592, required specific intent. Citing *Gasho v. United States,* 39 F.3d 1420, 1428 (9th Cir.1994), the Court indicated that "when specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred."

Noriega, however, had "fail[ed] to provide ... what information or documents he possessed which were discovered through his investigation of the Bank's allegations and upon which he could have reasonably relied to reach the ultimate conclusion that Monestina [Garcia] passed forged documents with the intent to defraud the bank." (Docket No. 49 at 9.) Accordingly, the Court denied Noriega's motion for summary judgment on the false arrest claim, specifically noting that "[a]t the present moment" the Court could not conclude that Noriega had probable cause to arrest—namely, because he had not placed the Court in a position to assess his claim.

Noriega's motion for qualified immunity, in which he correctly claims that "[w]hether a defendant's conduct is 'objectively reasonable' so as to entitle him to the defense of qualified immunity turns on the particular facts of the individual case" (Docket No. 59 at 11), fails to provide a

---

**3.** Indeed, Noriega makes no serious effort to argue that the law on this score was not clearly established at the time of his actions.

single document or affidavit to support his claim that he acted in objectively reasonable fashion.[4] Indeed, given the clear wording of the April 27, 1999 Opinion and Order, Noriega's charge was clear: he needed to furnish the information or documents that he used to conclude that Noriega had probably acted with the requisite specific intent. Noriega did not do so, however. Instead, Noriega's motion relies solely on the argument of its counsel, which, it is well-established, cannot be accorded any evidentiary weight. *See, e.g., Fragoso v. Lopez*, 991 F.2d 878, 887 (1st Cir.1993). As a result, the Court finds itself in the same position as it was back in April, 1999, when it denied Noriega's summary judgment motion. Because Noriega has not proffered any evidence to support his claim that his actions were objectively reasonable, the Court denies his request for qualified immunity.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Noriega's motion to dismiss plaintiffs Nelia Ureña, Sabina Garcia and Simeona Henriquez Garcia's claims under 42 U.S.C. § 1983, and DENIES his motion to dismiss the false arrest claim on qualified immunity grounds. The Court will retain supplemental jurisdiction over plaintiffs Nelia Ureña, Sabina Garcia and Simeona Henriquez Garcia's Article 1802 claims.

IT IS SO ORDERED.

---

4. To the extent that Noriega did not furnish any such information because it filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court finds that he would not be entitled to qualified immunity given the Complaint's allegations that Noriega lacked probable cause to believe that Monestina Garcia possessed the specific intent to defraud required by the Puerto Rico criminal statute.