Lourdes **TORRES RIOS,** Plaintiff(s)

v.

Miguel **PEREIRA CASTILLO,**
et al., Defendant(s).

Civil No. 03–2245 (FAB).

United States District Court,
D. Puerto Rico.

Aug. 28, 2007.

Guillermo J. Ramos–Luina, San Juan, PR, for Plaintiff.

Jo–Ann Estades–Boyer, Prado, Nunez & Associates, PSC, Jose Enrico Valenzuela–Alvarado, Ramon L. Olivencia–Gaya, Department of Justice, Office of the Solicitor General, San Juan, PR, Francisco A. Oje-do-Diez, P.R. Dept. of Justice, San Juan, PR, Leila S. Castro-Moya, Legal Div., San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On November 21, 2003, plaintiff Lourdes Torres Rios ("Torres" or the "plaintiff"), filed this complaint on behalf of her deceased son Eduardo Hernandez Torres ("Hernandez") pursuant to 42 U.S.C. § 1983 as well as supplemental state law claims (Docket No. 1). Hernandez was a prisoner in a Puerto Rico facility and died from injuries he received from another inmate while under custody at that facility. The defendants are all prison officials. At a status conference held on June 19, 2007, the Court ordered the parties to brief the issue of whether plaintiff was required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, to exhaust any available administrative remedies before filing suit (Docket No. 78). The parties having submitted their memoranda (Docket Nos. 79–81), the Court finds that plaintiff did not need to exhaust administrative remedies and denies any request from the defendants to dismiss the complaint on those grounds.

## DISCUSSION

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in jail, prison, or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of remedies is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Rivera–Quiñones v. Rivera–Gonzalez*, 397 F.Supp.2d 334, 340 (2005).

The exhaustion requirement, however, is applicable only "to individuals who are imprisoned at the time the suit is

filed." *Rivera–Quiñones,* 397 F.Supp.2d at 340. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C.1997e(h). The exhaustion requirement does not apply even if it is a former inmate who raises claims related to prison conditions while he was a prisoner. *See, e.g., Norton v. The City of Marietta,* 432 F.3d 1145, 1149–1151 (10th Cir.2005); *Ahmed v. Dragovich,* 297 F.3d 201, 210 (3rd Cir.2002); *Greig v. Goord,* 169 F.3d 165, 167 (2nd Cir.1999); *Kerr v. Puckett,* 138 F.3d 321, 323 (7th Cir.1998).

█ In this case, because Hernandez was deceased at the time the complaint was filed, he was no longer considered a prisoner for purposes of the PLRA. The defendants nevertheless argue that the PLRA required Hernandez's estate to exhaust any available administrative remedies. The only support they proffer for this interpretation of the PLRA is that the term "person" is defined in the Act as "an individual, a trust or estate, a partnership, an association, or a corporation." 42 U.S.C. § 1997(3). From this definition they jump to the conclusion that Congress intended to extend the exhaustion requirement to the prisoner's estate. The argument lacks merit.

Even if Hernandez's estate is considered a person under the PLRA, the act also requires that the person, in this case the estate, be imprisoned and be either accused, convicted, or sentenced for a violation of criminal law. Because an estate cannot be imprisoned nor accused, convicted, or sentenced for a criminal violation, it is not, thus, a prisoner under the PLRA.

Defendants also argue that plaintiff is precluded from filing suit because Hernan-

dez did not exhaust administrative remedies with regards to any possibly dangerous situations which required attention from prison officials. Because Hernandez did not alert prison officials to any possible threat to his security, defendants argue that they cannot be held liable for their failure to protect him. *See, e.g., Shields v. State Through Dept. Of Corrections,* 380 So.2d 123, 125 (La.App. 1st Cir.1979). This argument, however, does not address the Court's jurisdiction to hear the claims raised by Hernandez's estate, but is rather a defense which the defendants may raise to avoid liability. Thus, the Court need not discuss the issue here.

█ Finally, defendants argue in their memorandum that plaintiff is precluded from raising section 1983 claims for her pain and suffering due to her son's death and the deprivation of his company and affection. While true that a family member cannot raise claims under section 1983 for the violation of a relative's civil rights, *see Garcia v. Royal Bank of Canada,* 178 F.Supp.2d 74, 76 (D.P.R.2001), Torres' claims are cognizable under the Puerto Rico general tort statute, Article 1802 of the Civil Code, P.R. Laws Ann. tit. 31 § 5141, which plaintiff has raised under the Court's supplemental jurisdiction. Therefore, the Court will not dismiss Torres' claims.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff did not need to exhaust administrative remedies and denies defendants' request for a dismissal of the complaint.

IT IS SO ORDERED.