[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 28, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-11664

_____

D. C. Docket No. 00-09145-CV-DTKH

BRYANT S. TROVILLE,

Plaintiff-Appellant,

versus

GREG VENZ, Director Sexually
Violent Predator Program,
ROBERT BRIODI, Executive Director,
Martin Treatment Center,
JAMES BLACK, Former Warden,
South Bay Correctional Facility,
LAWRENCE GREER, Present Warden South
Bay Correctional Facility,
G. TUSKEY, Assistant Warden,
South Bay Correctional Facility,
ET AL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2002)**

Before DUBINA and BARKETT, Circuit Judges, and FITZPATRICK[*], District Judge.

PER CURIAM:

Byrant S. Troville, a Florida civil detainee, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed the suit sua sponte pursuant to 42 U.S.C. § 1915(e)(2)(B)(ii), without giving Troville the opportunity to amend. Defendants have elected not to file a brief or otherwise participate in this appeal . For the reasons explained below, we REVERSE.

**BACKGROUND**

Troville is a civilly committed detainee at the South Bay Detainee Unit ("SBDU"), which is located inside the confines of the South Bay Correctional Facility ("SBCF"). Troville was confined at SBDU pending a hearing to determine whether he should be involuntarily detained as a sexually violent predator pursuant to the "Jimmy Ryce Act" ("Ryce Act"), Fla. Stat. ch. 394.910, et seq. (2001). Troville is not charged with a crime or serving a term of incarceration. Troville filed a civil rights action under 42 U.S. C. § 1983 to challenge the conditions of his confinement.[1]

---

[*]Honorable Duross Fitzpatrick, U.S. District Judge for the Middle District of Georgia, sitting by designation.

[1]Troville has named as defendants: (1) Greg Venz, Director of the Sexual Violent Predator Program in the Florida Department of Children and Families; (2) Robert Briodi, Executive Director of MTC; (3) James Black, former Warden at SBCF; (4) Lawrence Greer, the

2

In his complaint, Troville makes a number of claims. First, he challenges the use of restraints on detainees during transportation, claiming that it violates the Fourteenth Amendment because the SBDU detainees are only alleged to pose a danger to society. Troville alleges that the transportation procedure used to transport Ryce Act detainees is the same as the Florida Department of Correction's standard operating procedure for transporting incarcerated inmates; however, pre-trial detainees and civilly committed individuals are not generally restrained during transit. Troville also claims that the lack of a grievance procedure and the use of the confinement wing at SBDU violate the Fourteenth Amendment. He contends that the detainees are instructed to use non-official "Request /Complaint" forms to file grievances, and that no verification procedures exist to determine whether grievances have been received or answered. Troville further argues that the detainees are often confined indefinitely in the lock-down wing for arbitrary reasons and without disciplinary process or a hearing.[2]

The district court granted Troville's motion to proceed in forma pauperis,

current Warden at SBCF; (5) G. Tuskey, Assistant Warden at SBCF; (6) Colonel Joseph Franza, Chief of Security at SBCF; (7) Major Tammy Phillips, Unit Manager at SBDU; and (8) Lieutenant Patrick Coleman, Assistant Unit Manager at SBDU.

[2]The complaint also sought class certification for Troville and all other similarly situated individuals. The district court denied class certification, holding that Troville could not adequately represent the interests of the class as required by Fed. R. Civ. P. 23(a). Troville does not appeal that decision.

and the reviewing magistrate then recommended that the complaint be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act ("PLRA"). The magistrate based this recommendation on a finding that the complaint failed to comply with Fed. R. Civ. P. 8(a) and 10(b) because it contained only generalized allegations, with "no effort to allege what each defendant allegedly did or failed to do with respect to the plaintiff Troville." However, the magistrate went on to find that, because Troville was a civil detainee and not a prisoner, the dismissal of his case would not be counted as a strike under the three-strikes provision of the PLRA.

Troville filed an objection to the magistrate's report, in which he conceded that he had failed to allege facts regarding each particular defendant's violations or to meet all of the prerequisites for class certification under Fed. R. Civ. P. 23(a). Along with his objection, Troville also filed a motion for leave to amend his complaint to properly state his claim.

The district court adopted the magistrate's recommendation, dismissed Troville's complaint under § 1915(e)(2)(B)(ii) for failure to state a claim, and denied Troville's motion for leave to amend. The district court then granted Troville's motion for leave to proceed on appeal in forma pauperis, and Troville brought this appeal.

4

In response to Troville's appeal, the clerk's office of this Court sent Troville a letter entitled "notice to incarcerated appellant of the $105.00 fee requirement under the [full-payment provision of the PLRA]." Troville responded by letter, stating his belief that the PLRA's full-payment provision does not apply to him because he is a civilly committed detainee under the Ryce Act, not a prisoner. We have construed Troville's letter as a motion for clarification of whether the full-payment provision applies to civilly committed detainees, and the issue has been carried with this appeal.

## DISCUSSION

Interpretation of the PLRA is a question of law we decide <u>de novo</u>. <u>See</u> <u>Harris v. Garner</u>, 216 F.3d 970 (11th Cir. 2000) (en banc). This Court reviews a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) <u>de novo</u>. <u>See</u> <u>Hubbard v. Haley</u>, 262 F.3d 1194, 1196 (11th Cir. 2001). We review a district court's decision regarding leave to amend for abuse of discretion. <u>Henson v. Columbus Bank & Trust Co.</u>, 770 F.2d 1566, 1574 (11th Cir. 1985).

Congress passed the PLRA "[i]n an effort to stem the flood of prisoner lawsuits in federal court." <u>Harris v. Garner</u>, 216 F.3d at 972. There are three PLRA provisions relevant to this suit. First, 28 U.S.C. § 1915(b)(1), the PLRA's full-payment provision, states, in relevant part, that "if a prisoner brings a civil

5

action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."[3]  Second, 42 U.S.C. § 1915(e)(2)(B)(ii) states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  Third, 42 U.S.C. § 1915(h) states that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  In assessing whether these provisions apply to Troville, we must look to his status at the time he filed his complaint.  As noted above, at that time he was a civil

---

[3]The provision further specifies that

(1) . . . The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

  (A) the average monthly deposits to the prisoner's account; or

  (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

42 U.S.C. § 1915(b).

detainee.

This Court has not previously determined whether the PLRA's full-payment provision applies to a civil detainee.[4]  Other courts to address the issue have unanimously held that it does not.  In Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA.  Page explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of . . . 28 U.S.C. § 1915."  Id.  The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes.  Id at 1139–40.  Similarly, in Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001), the Eighth Circuit held that an inmate being held at a mental institution pursuant to a finding that he was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA.  Other

---

[4]This Court has held that the PLRA's exhaustion requirement applies to lawsuits that are filed while the plaintiff is a confined prisoner but which are not decided until after he is released from confinement.  See Harris v. Garner, 216 F.3d 970, 974–75 (11th Cir. 2000) (en banc).  The Second Circuit reached a similar conclusion in Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999).

7

decisions have reached the same result with respect to INS detainees and former prisoners. See, e.g., Agyeman v. INS, 296 F.3d 871 (9th Cir. 2002) (holding that an INS detainee is not a "prisoner" under the PLRA); LaFontant v. INS, 135 F.3d 158, 165 (D.C. Cir. 1998) (same); Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997) (same); Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999) (holding that a former prisoner was not required to comply with the PLRA); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) (same); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998) (same).

We agree with Page, Kolocotronis, and the other opinions that have held the PLRA's straightforward definition of "prisoner" to apply only to persons incarcerated as punishment for a criminal conviction. "Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). A civil detainee simply does not fall under § 1915's definition of "prisoner," by which the statute means persons incarcerated for "violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915(h). Civil detention is by definition non-punitive. Thus, in no sense is Troville a "prisoner" as defined in

8

the PLRA.

Because we hold that the PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees, Troville need not pay the filing fee before this Court can determine whether the district court erred in dismissing his complaint for failure to state a claim. With respect to that issue, we find no error in the district court's dismissal of the complaint; however, having considered the circumstances presented here, we find that the district court should have permitted Troville to amend.[5]

**REVERSED** and **REMANDED** to the district court with instructions to allow Troville to amend his complaint.

---

[5]Because the Defendants filed no response to Troville's claim, he would have been able to amend by right without seeking leave. See Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."). "Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Fed. R. Civ. P. 15. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 377 (D.C. Cir. 2000); Bass v. Parkwood Hosp., 180 F.3d 234 (5th Cir. 1999); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999); cf. Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000) (holding that 42 U.S.C. § 1997e(c)(1) does not affect district court's obligation to allow leave to amend before dismissing a suit). But see Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999).