[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

No. 10-12090
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00384-JA-DAB

SCOTT R. ZABRISKIE,

                                                    Plaintiff-Appellant,

versus

BOB HANSELL,
Sheriff of Osceola,
JOHN DOE NO. 1,
JOHN DOE NO. 4,
JOHN DOE NO. 5,
JOHN DOE NO. 2, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2011)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Scott Ray Zabriskie, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. The district court adopted the magistrate judge's report and recommendation denying Zabriskie's motion to proceed in forma pauperis and sua sponte dismissing the case as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because Zabriskie was bound by his representation in another pending case, and therefore could not maintain his factually inconsistent position in the instant case. See Scott Ray Zabriskie v. City of Kissimmee Police Department, case no. 6:10-cv-70-PCF-KRS. After the dismissal, Zabriskie amended the complaint in the City of Kissimmee case, which resolved the inconsistency underlying the district court's order dismissing the instant case as frivolous. On appeal, Zabriskie argues that his complaint in the instant case at least meets the minimal pleading standards for pro se plaintiffs, that the "minor error" in the City of Kissimmee complaint has been resolved, and that the district court erred when it dismissed the instant case without sua sponte offering Zabriskie an opportunity to amend the complaint in the City of Kissimmee case. After thorough review, we vacate and remand.

2

We review a district court's sua sponte dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). We also review for abuse of discretion denials of leave to amend, Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002), but we review questions of law de novo. Williams v. Board of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007).

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a)(1). We have held: "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (not addressing pro se plaintiffs). We apply the rule even where the plaintiff never sought leave to amend in the district court before filing an appeal. Id.

Here, the district court did not abuse its discretion when it dismissed the instant case nor when it did not sua sponte offer Zabriskie an opportunity to amend the complaint in the City of Kissimmee case, because the complaint in this case was implausible on its face, and Zabriskie failed to resolve the inconsistency after it was

3

pointed out to him by the district court. However, Zabriskie has now amended the complaint in the City of Kissimmee case. Therefore, the factual inconsistency underlying the district court's dismissal in the instant case has been resolved. We vacate the district court's order dismissing the case, and remand to the district court for proceedings consistent with this opinion.[1]

**VACATED AND REMANDED.**

---

[1] In addition, Scott Zabriskie's Motion to Supplement the Record (Motion to Add/Amend Appendix for Initial Brief) is GRANTED.