[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11182
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00002-CDL-MSH


DONALD ROBINSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 18, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Donald Robinson, an Immigration and Customs Enforcement (ICE) detainee proceeding *pro se*, appeals the district court's order denying his motion to appoint counsel and dismissing his 42 U.S.C. § 1983[1] action for failure to state a claim.[2] Robinson was deported from the United States in 1987 but returned without permission, resulting in his current detention. Robinson claims that his detention is illegal because the federal government has failed to present "official legal documents, such as birth records and other official document[s]" establishing that he is not a United States citizen. Accordingly, his lawsuit seeks immediate release and monetary damages. On appeal, Robinson contends that the district court erred in denying his motion to appoint counsel and *sua sponte* dismissing his complaint without first granting leave to amend.

We review a district court's decision not to appoint counsel for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004).

---

[1] The district court did not construe Robinson's complaint against the "United States" as a *Bivens* action, but we do so now because the alleged violations here constitute "a cause of action for damages against federal officers," as opposed to a § 1983 suit against state officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

[2] The district court purportedly dismissed the complaint pursuant to 28 U.S.C. § 1915A, which provides for a preliminary review of certain civil actions brought by prisoners. We need not determine whether Robinson is a "prisoner" under § 1915A because 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally, similarly permits district courts to dismiss a case "at any time" if the complaint "fails to state a claim on which relief may be granted."

2

Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Robinson has failed to show the existence of exceptional circumstances in this case. Accordingly, the district court did not abuse its discretion in denying the motion for appointment of counsel.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim under 28 U.S.C. § 1915A, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), and review for an abuse of discretion a decision regarding leave to amend, *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quotation omitted). Complaints filed *pro se*, however, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110.

To state a claim under *Bivens*, a plaintiff must show that he or she was

3

deprived of a federal right by a person acting under federal law.[3] *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  Here, Robinson fails to establish that the government's alleged failure to produce his "official documents" before detaining him violated any federal right, and his demand of immediate release is not a remedy available in a *Bivens* action.  *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).  The district court thus did not err in dismissing Robinson's complaint for failure to state a claim.  Moreover, because an amendment would have been futile,[4] the district court did not abuse its discretion in denying Robinson the opportunity to amend the complaint.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

   **AFFIRMED.**

---

[3] Because claims under 42 U.S.C. § 1983 and *Bivens* are similar, courts generally apply § 1983 law to *Bivens* cases.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

[4] Robinson's motion for leave to amend the complaint argues only that he would benefit from the assistance of court-appointed counsel.  Robinson gives no indication of any potentially meritorious claims.