[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12928
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20416-MGC


MALLORY MOSELEY,

                                                    Plaintiff - Appellant,


versus


CARNIVAL CORPORATION,
a Panamanian corporation,
d.b.a. Carnival Cruise Lines,

                                                    Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 21, 2014)

Before JULIE CARNES, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Mallory Moseley, a passenger on a Carnival Corporation ("Carnival") cruise ship who was injured at a port of call during the ship's voyage, appeals the district court's dismissal with prejudice of her negligence suit against Carnival. After careful review, and for the reasons that follow, we affirm.

I.

On March 20, 2012, Ms. Moseley, a passenger on the Carnival cruise ship *Fantasy*, visited the bathroom facilities at Freeport Harbour, Bahamas, a port of call that Carnival uses. She sustained severe injuries when a bathroom sink dislodged and fell on her. She filed suit against Carnival on February 4, 2013, alleging in Count I that Carnival was negligent for failure to inspect and maintain the Freeport Harbour bathroom facility, as well as for failure to warn of dangers in the facility. In Count II, she alleged that Carnival was vicariously liable under an agency theory for the negligence of the Freeport Harbour Company ("Freeport"), the operator of the bathroom facilities.

Upon Carnival's motion, the district court dismissed Ms. Moseley's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The court concluded that Carnival as a shipowner had no duty to inspect facilities at a port of call[1] and that Ms. Moseley had failed to state a claim (1) for negligent failure to warn because she pled no facts showing Carnival knew or

---

[1] The district court apparently treated the alleged duties to inspect and maintain as one duty for purposes of its first dismissal order.

should have known of the risk of injury and (2) for vicarious liability because she

pled no facts to support Carnival's alleged agency relationship with Freeport.

The court's first dismissal was without prejudice. Ms. Moseley then filed an

amended complaint in which she made few changes to her allegations in Count I.

She added factual allegations regarding Carnival's relationship with Freeport,

which she referenced in her amended version of Count II. Her allegations in Count

II otherwise remained almost identical to her original complaint.[2]

On November 25, 2013, Carnival again moved to dismiss. Ms. Moseley

neither timely filed a response nor moved to file a second amended complaint.

Four days after Ms. Moseley's response to the motion to dismiss was due, and after

some discovery had been completed, Carnival moved for summary judgment. In

her timely response to that motion, Ms. Moseley noted that she also opposed

Carnival's November 25 motion to dismiss.

The district court did not immediately rule on either motion, so the parties

continued with discovery, pre-trial motions, and trial preparation. And, because

the court had previously ordered the parties to mediate their dispute, the court

continued to set mediation deadlines. On June 4, 2014, the court granted

Carnival's motion to dismiss and dismissed as moot all pending motions. In so

---

[2] Ms. Moseley's amended complaint contained three counts: Counts I and II mirrored those in her original complaint, and Count III added a claim against Freeport. The claim against Freeport subsequently was dismissed and is not at issue in this appeal.

doing, the court noted that Ms. Moseley failed to cure the deficiencies identified in the first dismissal order.  Ms. Moseley appeals.

## II.

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (internal quotation marks omitted).  We do not, however, accept as true "unwarranted deductions of fact" or legal conclusions.  *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Moreover, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant may have acted unlawfully is insufficient.  *Id.*  We review a district court's decision whether to grant leave to amend for an abuse of discretion.  *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002).

"In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (internal quotation marks omitted).

4

To plead a viable claim for negligence, a plaintiff must allege that:  (1) the defendant owed a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.  *See id.*  "[A] shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew."  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959).  Reasonable care in this context means, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure."  *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).  In other words, a cruise line owes passengers a duty to warn "of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit."  *Chaparro*, 693 F.3d at 1336.

We agree with the district court that Ms. Moseley's amended complaint fails to state a claim upon which relief may be granted.  Although it is clear from our case law that Carnival owes Ms. Moseley a duty to warn of dangers at a port of call that Carnival knows or should know to exist, Ms. Moseley failed in her amended complaint to allege any facts that would support Carnival's actual or constructive notice of danger.  Without any factual allegations to support this critical element,

5

Ms. Moseley's complaint raises no more than a "mere possibility of misconduct," which is insufficient under *Iqbal* to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Chaparro*, 639 F.3d at 1336. Similarly, even assuming Carnival could be liable for failure to inspect or maintain the facilities at Freeport Harbour, Ms. Moseley's claims against Carnival on these bases would fail for the same reason. *See id.* Accordingly, the district court correctly concluded that the claims Ms. Moseley asserted in Count I fail as a matter of law.

We also agree with the district court's conclusion that Ms. Moseley failed to state a claim for relief in Count II, vicarious liability. "[W]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014) (internal quotation marks omitted). Assuming Ms. Moseley's amended complaint adequately pled the elements of an agency relationship between Carnival and Freeport, she nevertheless failed to include any facts which, if true, would establish a basis for her allegation that Freeport knew or should have known of the risk by the use of reasonable care and yet failed to correct the problem. *Iqbal*, 556 U.S. at 678. And, because she has failed adequately to plead the elements of a negligence claim against Freeport, her claim that Carnival is vicariously liable for that negligence must also fail.

Ms. Moseley maintains that, regardless of any deficiencies in her factual allegations, we should remand to the district court because, in granting Carnival's motion to dismiss long after it was filed and during mediation and trial preparations, the court materially prejudiced her rights. We review claims that a district court mismanaged its docket to the prejudice of a litigant for an abuse of discretion. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). In this case, even when faced with a second motion to dismiss, Ms. Moseley neither timely responded nor sought an opportunity to cure the alleged deficiencies in her amended complaint. Thus, although the district court could have disposed of this case more efficiently by ruling on the second motion to dismiss before, for example, ordering and setting a date for mediation, Ms. Moseley's failure to pursue her own rights by timely responding to Carnival's second motion to dismiss forecloses any conclusion that she was prejudiced by the court's docket management. For this same reason, we conclude the district court's decision to dismiss Ms. Moseley's claim with prejudice did not amount to an abuse of discretion. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding the district court "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

7

III.

For the reasons set forth above, we affirm the district court's dismissal with prejudice of Ms. Moseley's amended complaint.

**AFFIRMED.**