**OPEN RIVERS MEDIA GROUP INC., d.b.a. Open Rivers Pictures, Alvin Williams, Tammy Williams, Plaintiffs-Appellants,**

v.

**SOUTHERN FILM REGIONAL CENTER LLC, Dominic Nic Applegate, Gates Industries LLC, Maurice Anderson, Ratliff Entertainment LLC, et al., Defendants-Appellees.**

**No. 16-14822**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 12/01/2016

Daniel Kane, Daniel Kane, PC, Atlanta, GA, Christopher L. Brown, Brown & Rosen LLC, Boston, MA, for Plaintiffs-Appellants

Thomas C. Grant, John Francis O'Brien, III, Lewis Brisbois Bisgaard & Smith, LLP, Atlanta, GA, for Defendants-Appellees

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs Open Rivers Media Group Inc., Alvin Williams, and Tammy Williams appeal the district court's dismissal of their first amended complaint alleging numerous claims under Georgia law, including, <u>inter alia</u>, breach of contract, fraud, negligent misrepresentation, and conversion, as well as racketeering under both Georgia and federal law. After review, we affirm.

The plaintiffs's claims stem from a business deal between the plaintiffs and the defendants to prepare an EB-5 immigrant investor visa application and raise film financing from foreign investors. The district court dismissed the plaintiffs's original, counseled complaint without prejudice as an impermissible "shotgun pleading." The district court identified the complaint's deficiencies and gave the plaintiffs "one final opportunity to amend their complaint" to cure the deficiencies.

The plaintiffs then filed a first amended complaint, which was also counseled. The district court dismissed the first amended complaint because: (1) despite the warning and the chance to amend, it also was a "shotgun pleading"; and, alternatively, (2) did not plead sufficient facts to state a plausible claim as required by Federal Rule of Civil Procedure 8 and the Supreme Court's decisions in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and, with respect to the fraud

claims, to meet the heightened pleading requirements of Rule 9(b).

The district court committed no reversible error when it dismissed with prejudice the plaintiffs's first amended complaint.[1] For the reasons outlined in the district court's thorough order dated May 31, 2016, the plaintiffs's first amended complaint, like the original complaint before it, constituted a shotgun pleading that did not comply with federal pleading standards. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288–90 (11th Cir. 2010) (outlining the facial plausibility pleading standard of Rule 8 as interpreted by Iqbal and Twombly); Byrne v. Nezhat, 261 F.3d 1075, 1129–30 (11th Cir. 2001) (explaining that a complaint that fails to comply with Rules 8 and 10 is a "shotgun pleading"), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151–52 (11th Cir. 2011).

The plaintiffs, who were counseled, were on notice of the pleading deficiencies in their original complaint and were warned that they had one final opportunity to cure those deficiencies. Nonetheless, their first amended complaint failed to do so. In light of the plaintiffs's continued failure to comply with federal pleading standards, the district court was not required to give the plaintiffs a second chance to adequately plead their claims; nor was the district court required to dismiss the defective first amended complaint without prejudice. See Byrne, 261 F.3d at 1133 (stating that when the district court orders a plaintiff to replead a shotgun complaint, the district court may dismiss the amended complaint if it fails to cure the deficiencies). The district court also did not abuse its discretion in denying the plaintiffs's motion for reconsideration.

**AFFIRMED.**

---

1. We review de novo a district court's dismissal of a complaint for failure to state a claim. Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 705 (11th Cir. 2014). We review a district court's dismissal for failure to comply with a court order or the Federal Rules of Civil Procedure for an abuse of discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Similarly, we review a district court's decision whether to grant leave to amend for an abuse of discretion. Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002).