[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13171
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-22301-CMA

YASIR MEHMOOD,

Plaintiff-Appellant,

versus

MS. CASTANO,
SDDO - Krome SPC,
JUAN ACOSTA,
AFOD - Warden Krome SPC,
ICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Yasir Mehmood, proceeding *pro se*, appeals the district court's order *sua sponte* dismissing his 42 U.S.C. § 1983 civil-rights complaint, construed by the district court as a complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Immigration and Customs Enforcement ("ICE") and two of its employees.

Mehmood is a native and citizen of Pakistan and lawful permanent resident who was civilly detained by ICE pending the outcome of his removal proceedings. During his detention, he filed a *pro se* complaint alleging that ICE denied him adequate access to legal materials, which hindered his ability to develop and present arguments in support of his efforts to appeal his criminal conviction and contest his removal. He further alleged that Cuban and other Spanish-speaking detainees were allowed more time in the law library.

Because Mehmood sought to proceed *in forma pauperis* ("IFP"), the district court screened his complaint and determined that it failed to state a plausible claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Largely adopting the recommendations of a magistrate judge, the court determined that ICE was not subject to suit under *Bivens*, that Warden Acosta was not liable as a supervisor, and that Mehmood failed to state a plausible access-to-courts or equal-protection claim. With regard to the latter point, the court found that Mehmood failed to allege an actual injury to support an access-to-courts claim, *see Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.

2008) ("'[A]ctual injury' is a constitutional prerequisite to an inmate's access-to-courts claim."), and that he failed to show that Spanish-speaking detainees in his particular unit—the medical unit—received more favorable treatment than he did. Mehmood now appeals.

A district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed *de novo*. *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). Section 1915(e) provides that an *in forma pauperis* action "shall" be dismissed "at any time" if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

We liberally construe the filings of *pro se* parties. *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168 (11th Cir. 2014). But despite the liberal construction we afford non-lawyers who represent themselves, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Appellants are required to specifically and clearly identify any issues they want us to address in their initial briefs. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Legal arguments not briefed on appeal are deemed abandoned and will not be considered on the merits. *Id*.

In his brief on appeal, Mehmood does not address the district court's order dismissing his complaint or its reasons for the dismissal. Instead, he copies virtually verbatim the allegations of his complaint—with minor changes like using

3

"appellant" instead of "plaintiff." Even with liberal construction, that is not sufficient to properly raise an issue for appeal. *E.g.*, *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) (holding that a party may not incorporate by reference arguments presented to the district court, but must specifically and clearly identify the issues presented for review, with citations to the authorities and portions of the record on which the appellant relies). Because Mehmood has not argued on appeal that the district court erred by dismissing his complaint for failure to state a claim under § 1915(e)(2)(B)(ii), nor addressed any of its reasons for doing so, he has abandoned any such argument. Accordingly, we affirm.

In any case, even if we assume that the issues are properly preserved, the district court did not err in dismissing Mehmood's complaint. First, a *Bivens* action cannot be brought against a federal agency such as ICE. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extends *Bivens* liability to federal agencies). Second, Mehmood did not allege that Warden Acosta personally participated in denying him access to the law library, and *Bivens* does not provide for supervisory liability on the basis of vicarious liability. *See Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) (holding that supervisory officials are not liable under *Bivens* for the unconstitutional acts of their subordinates).

4

Finally, Mehmood's complaint does not state a plausible constitutional claim. With respect to his access-to-courts claim, Mehmood's allegations do not establish actual injury. The Ninth Circuit gave him an extension, and he alleged no injury other than that he believed that two hours of library access a day was not enough. *See Al-Amin*, 511 F.3d at 1332 ("In order to show actual injury, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." (quotation marks omitted)). As for his equal-protection claim, Mehmood's allegations do not show that Cuban and Spanish-speaking detainees in his medical unit, rather than in general population, received more favorable treatment than he did. *See, e.g.*, *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) ("The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."). And his complaint is otherwise insufficient to show that any differential treatment was because of race or ethnicity. Accordingly, the district court properly dismissed Mehmood's complaint.

**AFFIRMED.**