UNITED STATES DISTRICT COURT 
 MIDDLE DISTRICT OF FLORIDA 
 FORT MYERS DIVISION 

DAVID LEE HARMON, 

 Plaintiff, 

v. Case No.: 2:20-cv-293-FtM-38NPM 

VENICE TOYOTA, 

 Defendant. 
 / 
 OPINION AND ORDER1 
Plaintiff is incarcerated in Charlotte County Jail and filed a pro se Complaint for 
Violation of Civil Rights under 42 U.S.C. § 1983 on April 22, 2020. (Doc. 1). Harmon 
seeks to proceed in forma pauperis on his Complaint (Doc. 4). Because the Court finds 
the Complaint subject to dismissal without prejudice under 28 U.S.C. § 1915A, the Court 
will not grant Plaintiff in forma pauperis status nor assess the $350.00 filing fee under 28 
U.S.C. § 1915(b)(1). 
Harmon’s status as a prisoner2 seeking to proceed in forma pauperis mandates 
the Court to conduct a frivolity screening to determine whether the Complaint “is frivolous, 
malicious, or fails to state a claim upon which relief may be granted; or, alternatively 
“seeks monetary relief from a defendant who is immune from such relief.” 28 U.S.C. § 
1915A(a)-(b)(requiring court to review “before docketing, if feasible” a prisoner complaint 

1 Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the 
Court does not endorse, recommend, approve, or guarantee any third parties or the services or products 
they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink’s 
availability and functionality, and a failed hyperlink does not affect this Order. 
2 Harmon states he is pretrial detainee. (Doc. 1 at 4). Regardless, Harmon is considered a prisoner for 
purposes of review under 28 U.S.C. § 1915A, as the term includes “any persons incarcerated or detained 
in any facility who is accused of . . . violations of criminal law . . . .” Id. § 1915A(c). 
and identify cognizable claims or dismiss the complaint); see also 28 U.S.C. § 
1915(e)(2)(permitting court to dismiss a case at any time notwithstanding that any filing 
fee has been paid). The phrase “fails to state a claim upon which relief may be granted” 
has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 
12(b)(6). See Leal v. Ga. Dep’t of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001)(per 

curiam). While a complaint need not provide detailed factual allegations, there “must be 
enough to raise a right to relief above the speculative level,” and the complaint must 
contain enough facts to state a claim that is “plausible on its face.” Bell Atl. Corp. v. 
Twombly, 550 U.S. 544, 555–56 (2007). In making the above determinations, all factual 
allegations in the complaint must be liberally construed and accepted as true. Leib v. 
Hillsborough Cty. Pub. Transp. Comm’n., 558 F.3d 1301, 1305 (11th Cir. 2009). 
To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him 
of a right secured under the Constitution or federal law, and (2) the deprivation occurred 
under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing 

Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must 
allege and establish an affirmative causal connection between the defendant’s conduct 
and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 
(11th Cir. 2001). 
According to the Complaint, Harmon fell asleep while driving his 2015 Toyota 
Highlander due to “carbon dioxide/monoxide” that came from “a leaky exhaust” causing 
“a no-fault accident” and significant personal injuries to Harmon. (Doc. 1 at 5). The 
Complaint names Venice Toyota, the entity that serviced the vehicle in March 2019 
shortly before the accident, as the sole defendant.3 (Id. at 4). Harmon seeks damages 
and a new vehicle for his injuries due to the negligence of Venice Toyota in servicing his 
vehicle. (Doc. 1 at 3, 5). 
The Complaint fails to meet either prong under § 1983. The Complaint does not 
allege a violation of any constitutional right. Further, Venice Toyota is a private business 

and is not considered a person acting under color of state law for § 1983. See Rayburn 
v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). In rare circumstances, a private party 
may be considered a state actor for § 1983. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th 
Cir. 1992); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 938-39 (1982). The 
Complaint alleges no facts to deem Venice Toyota a state actor, nor can the Court 
conceive such facts can be alleged. See Rayburn, 241 F.3d at 1347. The Court finds 
the case must be dismissed under 28 U.S.C. § 1915A because the Complaint fails to 
allege either a violation of a constitutional right under § 1983 and the sole defendant is 
not a state actor. 

In certain circumstances, a pro se litigant must be given an opportunity to amend 
his complaint. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (finding 
“[b]ecause [plaintiff] filed his motion to amend before the district court dismissed his 
complaint and before any responsive pleadings were filed, [plaintiff] had the right to 
amend his complaint under Rule 15(a).”); see also Troville v. Venz, 303 F.3d 1256, 1260 
(finding “no error” in district court’s sua sponte dismissal but because plaintiff requested 

3 According to the Florida Department of State, Venice Toyota is a fictitious name and is owned by Venice 
Motor, LLC, a Florida Limited Liability Company with their business address at 2925 Mall Hill Drive, 
Lakeland, Florida 33810. dos.myflorida.com/sunbiz/search. Consequently, alternatively there is no 
diversity to invoke this Court’s jurisdiction. Further, Harmon filed a complaint against Toyota of North 
America in a separate action. See case no. 2:20-cv-252-FtM-38-NPM. 
leave to amend before dismissal court should have granted leave); Bryant v. Dupree, 252 
F.3d 1161, 1163-64 Cir. 2001) (finding district court’s denial of motion to amend in 
response to motion to dismiss improper). Plaintiff does not seek to amend his complaint 
and the Court finds any amendments against the named defendant under the facts would 
be futile. Bryant, 252 F.3d at 1163. 
 Assuming Harmon has a viable state common law claim against Venice Toyota, 
the Court declines to exercise supplemental jurisdiction over this claim and dismisses any 
state law claims without prejudice. 28 U.S.C. §1367(c). Harmon may pursue his state 
court claims in state court, if appropriate. 
 Accordingly, it is hereby ORDERED: 
 1. Plaintiffs Complaint for Violation of Civil Rights (Doc. 1) is DISMISSED with 
prejudice under 28 U.S.C. § 1915A(b)(1). 
 2. The Court dismisses without prejudice any state law claims. 
 3. The Clerk shall enter judgment, terminate any pending motions as moot 
and close this file. 
 DONE and ORDERED in Fort Myers, Florida this 15th day of May, 2020. 

 UNITED STATES DISTRICT JUDGE 

SA: FTMP-1 
Copies: All Parties of Record