[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12686

Non-Argument Calendar

_____

KENNETH KENDRICK,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
SUSAN BARTON,
Officer,
SARAH HOOVER,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cv-00068-TKW-MJF

_____

Before JILL PRYOR, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Kenneth Kendrick, *pro se*, appeals the District Court's dismissal of his complaint without prejudice, under 28 U.S.C. § 1915A, for maliciousness and abuse of the judicial process for failing to disclose his litigation history on the civil rights complaint form. He argues that this omission occurred because of his confusion as a *pro se* litigant, and because of his *pro se* status, the District Court should have provided him a notice of deficiencies and leave to amend the complaint.

## I.

Kendrick, an inmate of the Florida Department of Corrections ("FDOC"), filed a 42 U.S.C. § 1983 action against the Secretary of the Florida Department of Corrections and two correctional officers using a *pro se* complaint form. He alleged that he wrote novels which he then emailed to his family for publication, but that officers censored and rejected these emails because "inmates [were] not allowed to publish books." He asserted violations of his First and Fourteenth Amendment rights.

21-12686                 Opinion of the Court                 3

The complaint form asked whether Kendrick had filed any other federal lawsuit "challenging [his] conviction or otherwise relating to the conditions of [his] confinement" and Kendrick checked the box "NO" and did not provide any case identifying information. [Doc. 1 at 12] Following this question was a warning that "*Failure to disclose all prior cases may result in the dismissal of this case.*" [Doc. 1 at 13] Kendrick later filed a notice of constitutional question regarding Fla. Stat. § 944.512[1] and a motion for declaratory judgment that the statute was unconstitutional.

Kendrick's complaint was assigned to a magistrate judge for screening under the Prison Litigation Reform Act of 1995 ("PLRA"). Pub. L. No. 104–134, 110 Stat. 1321 (1996); 28 U.S.C. § 1915A. The magistrate judge found that Kendrick had previously initiated three federal cases in the Middle and Southern Districts of Florida, despite having stated on his *pro se* complaint form, under penalty of perjury, that he had not filed any other lawsuits. Given this, the magistrate judge issued a report and recommendation ("R & R") recommending that the case be dismissed without prejudice for maliciousness and abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) because of Kendrick's failure to disclose his litigation

---

[1] Kendrick argued that Fla. Stat. § 944.512 was inspired by New York's "Son of Sam" law and that, because the Supreme Court had struck down the New York law as violating the First Amendment, Fla. Stat. § 944.512 was also unconstitutional.

4                    Opinion of the Court                    21-12686

history.  Kendrick objected to the R & R arguing, among other things, that his omission was harmless error.

The District Court adopted the R & R and dismissed the case without prejudice for maliciousness and abuse of the judicial process under § 1915A(b)(1).[2]  The District Court found that any lesser sanction would effectively be no sanction at all.  Following dismissal, Kendrick moved for a TRO under Fed. R. Civ. P. 65(b)(1)(A) requesting that one of the officials at his facility be prohibited from coming within 30 feet of him.  The District Court denied the motion, finding that (1) it was unrelated to the issues raised in the complaint and (2) the Court lacked jurisdiction because the case had been dismissed.  Kendrick then moved for relief from judgment or order, reconsideration, and to amend his complaint.  The District Court denied all three motions.

Kendrick appealed the dismissal of his § 1983 complaint.[3] While this appeal was pending, Kendrick filed a motion for a

---

[2] The District Court did not address Kendrick's notice of constitutional question or motion for declaratory judgment.

[3] Although Kendrick's notice of appeal only expressly stated an intent to appeal the dismissal of his complaint, not the denial of his post-judgment motions, we also have jurisdiction over the post-judgment order denying Kendrick's motions given our liberal construction of Fed. R. App. P. 3, Kendrick's *pro se* status, and the lack of prejudice to the State. *See Nichols v. Ala. State Bar*, 815 F.3d 726, 730–31 (11th Cir. 2016); *United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019). Kendrick, however, has forfeited any challenges to this order—except for the denial of his motion to amend—by not

21-12686                Opinion of the Court                5

temporary restraining order ("TRO") under Fed. R. Civ. P. 65(b)(1)(A), a motion for declaratory judgment under Fed. R. Civ. P. 57, and a motion for a preliminary injunction under Fed. R. Civ. P. 65(a)(1) in this court.[4]

## II.

We review the dismissal of a complaint as malicious under § 1915A for abuse of discretion. *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). A district court's decision regarding leave to amend a complaint is also reviewed for abuse of discretion. *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). "Discretion means the district court has a range of choice, and that its decision

---

presenting any issue or argument about it in his initial brief to this Court. *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022).

[4] We note that, in requesting a TRO under the Federal Rules of Civil Procedure, Kendricks seeks relief that we are unable to provide in the first instance on appeal. The Federal Rules of Appellate Procedure govern the procedures in the U.S. Courts of Appeals, Fed. R. App. P. 1(a)(1), and there is no rule of appellate procedure that provides for issuing a TRO. Similarly, Kendrick's motion under Fed. R. Civ. P. 57 for a declaratory judgment also seeks relief we are unable to provide in the first instance on appeal. This Court is a court of review and the District Court never ruled on Kendrick's motion for declaratory judgment filed below, nor does Kendrick assert any error on the District Court's part. Finally, Kendrick's motion for a preliminary injunction under Fed. R. Civ. P. 65(a)(1) also seeks relief we are not authorized to provide. Even were we to interpret Kendrick's motion as a motion under Fed. R. App. P. 8(a)(1)–(2), which allows an appellate court to grant an injunction pending appeal, Kendrick has not complied with Rule 8's requirement that he first move the District Court for such relief, nor has he argued that doing so is impracticable.

6                    Opinion of the Court                  21-12686

will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Daker*, 999 F.3d at 1307 (quotation marks omitted).

## III.

Kendrick argues that he found Question C on the complaint form to be confusing and that, as a *pro se* litigant, his filings should be liberally construed. He also argues he should have been given leave to amend his complaint. We are unpersuaded.

Under § 1915A, the district court must review a prisoner's civil complaint against an officer or employee of a governmental entity "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must dismiss the complaint if it is "malicious." *Id.* § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) & (g) (instructing district courts to dismiss *in forma pauperis* ("IFP") plaintiffs' "malicious" actions and barring prisoners' IFP status after three or more dismissals for maliciousness, among other grounds).

A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915. *See Attwood v. Singletary*, 105 F.3d 610, 611, 613 (11th Cir. 1997) (affirming dismissal and imposition of sanctions under § 1915 and Fed. R. Civ. P. 11 for plaintiff's lying about his indigency status and his history of abusing the litigation process). While it is true *pro se* pleadings are held to a less strict standard than counseled pleadings and are liberally construed, *Alba v.*

*Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). They also owe the same duty of candor to the court as imposed on any other litigant.

Here, dismissal without prejudice was not an abuse of discretion. Kendrick stated, under penalty of perjury, that he had not previously filed any other federal lawsuits challenging his conviction. Yet the record shows that Kendrick had in fact previously filed three other federal actions. Although Kendrick argues the District Court should have taken his *pro se* status into account, *pro se* litigants must still follow procedural rules. And the question before Kendrick was by no means a complicated one.[5] We cannot say it was an abuse of discretion for the District Court to sanction Kendrick for his omissions, especially given the dismissal was without prejudice and Kendrick can refile his complaint. Indeed, Kendrick does not argue that he was prejudiced by the dismissal in any way.

As to Kendrick's assertion that he should be given leave to amend, Fed. R. Civ. P. 15—which governs the process for

---

[5] Question C was the third question in a series. Question A asked, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" Question B asked, "Have you filed other lawsuits in either state or federal court dealing with the same facts or issue involved in this case?" And Question C asked, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?"

8                    Opinion of the Court                    21-12686

amending pleadings—does not apply "once the district court has dismissed the complaint and entered a final judgment for the defendant." *Jacobs v. Tempur-Pedic Int'l*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quotation marks omitted). The District Court correctly denied Kendrick's motion to amend his complaint because it had dismissed the complaint and entered judgment for the defendants.

Accordingly, we affirm.[6]

**AFFIRMED**.

---

[6] Kendrick's motions for Temporary Restraining Order, Declaratory Judgment, and Preliminary Injunction are DENIED. We do not decide the constitutionality of Fla. Stat. § 944.512 in the first instance, and because Kendrick's complaint was dismissed without prejudice, he may litigate the merits of his constitutional question in the District Court with the filing of a new complaint.